FILED

November 2, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 3:29 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| David Thompson,<br>　　　　Employee,<br>v.<br>Comcast Corporation,<br>　　　　Employer,<br>and<br>Liberty Mutual Insurance Co.,<br>　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2017-05-0639<br><br>State File No.: 63224-2016<br><br>Judge Thomas Wyatt |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This claim came before the Court on October 27, 2017, to decide whether Comcast Corporation is liable for pain management treatment ordered by the authorized treating physician.[1] The Court holds that it is.

### History of the Claim

Mr. Thompson injured his neck and back on August 14, 2016, when he fell from a ladder while working as a Comcast technician. He timely reported the injury, which Comcast accepted as compensable.[2]

Mr. Thompson received emergent treatment at Skyline Medical Center, where he reported falling a distance of four to five feet from a ladder, landing on his tailbone and right side. Mr. Thompson's primary complaint of pain was in the right side of his neck,

---

[1] The Court conducted the in-person hearing on October 26 but allowed Comcast until October 27 to provide additional evidence. Also, Mr. Thompson asked for a decision on the record, to which Comcast objected. The Court decided to conduct the in-person hearing to observe Mr. Thompson's demeanor during his testimony.

[2] Counsel for Comcast stated during the Expedited Hearing that Comcast gave Mr. Thompson "the benefit of the doubt" in accepting his claim as compensable. However, compensability issues permeated Comcast's argument that it is not liable for Mr. Thompson's pain management treatment.

1

but he also reported back pain. Radiological testing indicated muscle spasm in Mr. Thompson's neck, as well as abnormalities in his lumbar spine. Skyline released him with a prescription for medication and placed restrictions on his work activities.

Comcast first offered Mr. Thompson a panel consisting of physicians outside his community. Mr. Thompson asked for another panel, but sought emergent care at St. Thomas West Hospital on August 28 while awaiting Comcast's response. At St. Thomas, Mr. Thompson complained primarily of back pain. Soon after, Comcast offered Mr. Thompson a panel, from which he selected orthopedist Dr. James N. Johnson.

On September 21, Dr. Johnson noted tenderness and limited range of motion in Mr. Thompson's neck and low back, as well as positive straight-leg findings, bilaterally. Dr. Johnson ordered MRIs of both the cervical and lumbar spine. The MRI on Mr. Thompson's cervical spine proved normal, but the lumbar MRI revealed a herniated L4-5 disc impinging the L5 nerve.[3]

Over the next several months, Dr. Johnson treated Mr. Thompson with physical therapy, medication, and a steroid injection. While Mr. Thompson's neck pain subsided, Dr. Johnson noted on January 9, 2017, that Mr. Thompson still had lumbar tenderness and positive straight-leg findings. He referred Mr. Thompson for a surgical consultation by Dr. Colin Crosby, who determined that he did not require surgery. Dr. Johnson then rated Mr. Thompson's impairment.

Mr. Thompson returned to Dr. Johnson on May 19,[4] reporting pain in his neck, right arm and low back, plus shooting pain into his hips, groin, and thighs. Dr. Johnson noted severe muscle tenderness in Mr. Thompson's neck and moderate muscle tenderness in his low back. He again noted that Mr. Thompson had positive straight-leg findings in his right leg. Dr. Johnson ordered "[p]ain management referral for c-spine and l-spine."

Mr. Thompson's counsel immediately emailed Comcast's counsel requesting a pain management panel. Comcast asked for a copy of the referral note, which Mr. Thompson provided on June 6. On June 19, Comcast's lawyer emailed Mr. Thompson's counsel that: "[e]specially in light of this claim's history, my client is concerned about the request for pain management and I join in that concern." Mr. Thompson filed a Petition for Benefit Determination on June 20. To assist mediation, Mr. Thompson

---

[3] During his examinations, Dr. Johnson noted Waddell's signs, specifically pain exaggeration, in Mr. Thompson's reactions. However, Dr. Johnson ultimately concluded that, because a lumbar MRI confirmed the presence of a herniated disc in his lumbar spine, Mr. Thompson actually experienced the pain he reported even though he exaggerated the extent of the pain.

[4] Email correspondence indicated that Mr. Thompson's counsel began asking in early February that Comcast authorize Mr. Thompson's return to Dr. Johnson.

executed releases so Comcast could obtain his VA medical records and submitted to a deposition. Nevertheless, Comcast declined to provide pain management.

Counsel for Mr. Thompson wrote Dr. Johnson seeking his opinion whether Mr. Thompson's neck and back injuries arose primarily out of and in the course and scope of his employment. Dr. Johnson marked "Yes" and also marked "Yes" as to whether pain management constituted reasonable and necessary treatment of Mr. Thompson's injuries.

After obtaining Mr. Thompson's pain management records, Comcast took Dr. Johnson's deposition. The doctor testified that the presence of a disc extrusion on the MRI of Mr. Thompson's lumbar spine indicated "some kind of recent change [to that area of his spine.]" (Ex. 2 at 19.)[5] Dr. Johnson also testified:

> That would be a logical injury to cause this kind of [herniated disc]—the fall off a ladder from four to five feet. Any fall from greater than four feet is likely to cause some anatomic injury. That's well-described in the literature.

> So a fall from four to five feet onto his buttock could have caused a compression of that L4-5 disc and caused this anular [sic] tear and disc extrusion, which would have caused his leg pain.

*Id.* at 19-20.

Dr. Johnson further testified that Mr. Thompson "was hurting. There was no doubt he was hurting. And I don't think there was ever a doubt in my mind that he was hurting; that he had some real findings, though . . . he did have some equivocal findings." *Id.* at 43-44. He also testified that he referred Mr. Thompson to pain management primarily for his back pain, and that Mr. Thompson never asked for narcotics.

On the day before the Expedited Hearing, Comcast filed a motion for a continuance because it offered Mr. Thompson a panel for a physician authorized for a one-time assessment of the reasonableness for pain management. The Court struck the motion because Comcast filed it too late.

During the hearing, Mr. Thompson argued that Comcast was guilty of "bad faith" in depriving him of pain management for the past five months. He contended the Court should, therefore, allow him to select his own pain management physician. He also urged the Court to refer Comcast to the Bureau's penalty division and to require Comcast to pay reasonable attorney's fees for the time spent litigating his right to pain management.

---

[5] Dr. Johnson testified that, if Mr. Thompson's extrusion were long-standing, it would have appeared black and not white, as it actually appeared, on the MRI.

Comcast argued that credibility issues, as well as the national "opioid epidemic," justified its reticence to authorize the "quagmire" of pain management without a thorough investigation. Comcast also contended that Dr. Johnson's pain management referral is unreliable because Mr. Thompson initially complained his neck injury was more severe than his back injury. It further asserted that the Waddell signs negated the positive straight-leg raise findings that constituted the only objective findings underlying the referral. Finally, Comcast asserted that "treater's bias" tainted the referral. It asked that the Court order Mr. Thompson to select a physician from the panel Comcast offered to determine whether Mr. Thompson needs pain management.

## Findings of Fact and Conclusions of Law

### *Pain Management Treatment*

In deciding these issues, the Court notes the Workers' Compensation Law contains a specific statute governing pain management referrals. Tennessee Code Annotated section 50-6-204(j)(1) (2017) provides that a treating physician may refer an employee to a qualified physician for "pain management encompassing pharmacological, nonpharmacological and other approaches to manage chronic pain." When a treating physician makes such a referral, an employer must provide a panel from which to select the pain management provider. *See* Tenn. Code Ann. § 50-6-204(j)(2)(A).

Here, Dr. Johnson, as the treating physician, referred Mr. Thompson for pain management treatment, but Comcast chose to embark upon an investigation instead of providing a panel. Upon Comcast's refusal, Mr. Thompson's counsel obtained confirmation from Dr. Johnson that, in his opinion, referral of Mr. Thompson to pain management constituted reasonable and necessary treatment of injuries that arose primarily out of and in the course and scope of Mr. Thompson's employment. Since Dr. Johnson is the treating physician, the law affords his opinions a presumption of correctness. *See* Tenn. Code Ann. § 50-6-102(14)(E). Mr. Thompson provided those opinions to Comcast, but it still refused to provide a pain management panel.

The Court finds it significant that Comcast never submitted the issue to another physician for assessment nor did it contact Dr. Johnson directly to clarify any issues about the referral. Instead, it refused to honor the referral and sought to justify its refusal by attempting to rebut Dr. Johnson's opinion by attacking his and Mr. Thompson's credibility.

In its attempt to discredit Mr. Thompson, Comcast pointed out discrepancies in his reports as to when his back and leg symptoms arose. Despite those discrepancies, the Court finds that, when considered as a whole, Mr. Thompson provided credible testimony during the Expedited Hearing. In support of this finding, the Court notes that histories

4

from several medical providers confirmed Mr. Thompson's testimony about the onset of his back pain and that Dr. Johnson believed Mr. Thompson's reports of pain. Further, Comcast did not rebut Mr. Thompson's testimony that he did not suffer from neck and back pain until his fall.

In addition, the Court is unpersuaded that Dr. Johnson's assessment that Mr. Thompson exaggerated his pain negated his opinion that Mr. Thompson required pain management. Dr. Johnson testified that a patient's symptom magnification does not necessarily mean the patient has no pain. In fact, Dr. Johnson testified that the herniated disc sufficiently satisfied him that Mr. Thompson experienced pain sufficient to require medical management. Lastly, Comcast came forward with no medical opinion that "treater's bias" affected Dr. Johnson's opinions, and the Court finds no merit in that argument.

In *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015), the Workers' Compensation Appeals Board held: "Judges are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." The Court finds no evidence indicating the incorrectness or unreliability of Dr. Johnson's opinions. Thus, the Court holds that, at a hearing on the merits, Mr. Thompson will likely prevail in establishing that he is entitled to receive the recommended pain management. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Pain Management Panel*

The Court addresses whether Mr. Thompson must select his pain management doctor from a panel provided by Comcast. Mr. Thompson argued that Comcast's long inaction in providing a panel operated as a waiver of its right to compel Mr. Thompson to choose a doctor from it. Therefore, the Court should order Comcast to pay for treatment by a doctor of his selection.

The Workers' Compensation Appeals Board addressed this issue in *Barrett v. Lithko Contracting, Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 93 (Dec. 8, 2016), and *Young v. Young Electric Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 24 (May 25, 2016). In both claims, the Appeals Board upheld an award reimbursing the employee for charges incurred for treatment after the employer denied the claim. In support, the Appeals Board cited *McCord,* holding, "an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice[.]" *Id.* at *14; *see also Ducros v. Metro Roofing & Metal Supply Co., Inc.,* 2017 TN Wrk. Comp. App. Bd. 62, at *10 (Oct. 17, 2017), holding, "[a]n employer who attempts to claim the benefits of [the Workers' Compensation Law] must also comply with the statute."

5

As in the cases above, the Court finds that Comcast's failure to provide a panel for five months constituted a denial of Mr. Thompson's rightful claim to treatment. The Court notes that the employees in *Barrett* and *Young* had already incurred unauthorized expenses from the physicians the court eventually designated as treating physicians, while here Mr. Thompson has not yet obtained pain management. The Court, however, does not deem that distinction dispositive, and thus orders that Mr. Thompson may execute his right to pain management by self-selection of a physician meeting the qualifications set forth in Tennessee Code Annotated section 50-6-204(j)(2)(B). Upon notice, Comcast shall promptly schedule an appointment with the selected physician.

*Attorney's Fees*

Mr. Thompson asked the Court to order Comcast to pay reasonable attorney's fees for its wrongful refusal to initiate pain management treatment. He contended Comcast's delay deprived him of needed treatment for five months and compelled his attorney to spend numerous hours in pursuing his right to pain management.

Tennessee Code Annotated section 50-6-226(d)(1)(B) empowers the Court to award attorney's fees and costs when the employer "[w]rongfully . . . fails to timely initiate any of the benefits to which the employee is entitled under this chapter, including medical benefits . . . if the workers' compensation judges makes a finding that such benefits were owed at an expedited hearing or compensation hearing." The Court's ruling that Comcast owes Mr. Thompson benefits in the form of pain management invokes the Court's authority to award attorney's fees and costs. Thus, the issue becomes whether Comcast wrongfully failed to initiate pain management.

While the law does not specify the time an employer may take to honor a treating physician's pain management referral, the Court considers that the spirit of the law contemplates fewer than the five months Comcast took here. Comcast's argument that it needed time to perform a thorough investigation before committing to the "quagmire" of pain management is meritless. The Court notes that Mr. Thompson's claim was pending for eight months before Dr. Johnson made his referral, meaning Comcast had ample opportunity to investigate Mr. Thompson's medical history even before the referral.

In *Andrews v. Yates Servs., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (May 23, 2017), the Appeals Board acknowledged that an appellate opinion has not defined the term "wrongfully denied" in section 50-6-226(d)(1)(B). The Court thus turns to the Court of Appeals' opinion in *Wright Med. Tech. v. Grison,* 135 S.W.3d 561, 594 (Tenn. App. 2001), which, in the context of injunctive relief, defined the term "wrongfully" as follows: "[a] party has been wrongfully enjoined when it turns out the party enjoined had the right all along to do what it was enjoined from doing."

6

Thus, the Court finds that Comcast wrongfully denied Mr. Thompson the pain management treatment to which the law entitled him by virtue of Dr. Johnson's referral.[6] Whatever Comcast's concerns, the law still required it to offer a pain management panel. Comcast could have investigated whether it had a viable defense simultaneously with its compliance, but instead chose to delay recommended treatment for approximately five months without even seeking another physician's opinion as to the reasonableness of the referral. Under these circumstances, the Court holds that Comcast wrongfully denied Mr. Thompson's right to pain management.

The Court acknowledges that the Appeals Board in *Andrews* cautioned against the determination of an employee's entitlement to attorney's fees under section 50-6-226(d)(1)(B) during the pendency of a claim. However, the Appeals Board in *Andrews* also stated that the above admonition "is not to suggest that a determination of attorney's fees and expenses may never be proper prior to the conclusion of a case, as each case must be evaluated based on the particular circumstances presented." *Id.* at *8.

The Court considers the evidence here—especially the fact that Comcast delayed Mr. Thompson's treatment for five months to conduct an investigation that did not involve obtaining another physician's assessment—established appropriate circumstances for the award of attorney's fees following an Expedited Hearing. While Comcast has the right to revisit whether Dr. Johnson's pain management referral was appropriate, it failed to provide a panel as required by law for five months after the treating physician made the referral. With that fact in mind, the Court awards Mr. Thompson attorney's fees to compensate his counsel for the time he expended to establish Mr. Thompson's right to pain management at the Expedited Hearing. Counsel for Mr. Thompson shall petition the Court for approval of the requested attorney's fee.

*Penalty Referral*

Tennessee Code Annotated section 50-6-118(a)(11) authorizes the Bureau of Workers' Compensation to consider the establishment and collection of a penalty for the "[f]ailure of any employee to timely provide medical treatment made reasonably necessary by the accident and recommended by the authorized treating physician or operating physician." As indicated above, the Court holds that Comcast wrongfully denied Mr. Thompson pain management. For that reason, the Court refers Comcast to the Bureau's penalty division for establishment and collection of a penalty.

---

[6] The Court is aware that section 50-6-204(j)(1) charges a treating physician with making a pain management referral when the physician "determines that pain is persisting for an injured or disabled employee beyond an expected period for healing." Although Comcast raised no issue about the timing of Dr. Johnson's referral, the Court notes that Dr. Johnson did not refer Mr. Thompson for pain management until after he determined his patient attained maximum medical improvement.

7

**THEREFORE, IT IS ORDERED:**

1. That Mr. Thompson select a qualified pain management physician and communicate his selection to Comcast;

2. That, upon receiving the identity of the pain management physician selected by Mr. Thompson, Comcast shall promptly schedule an appointment for him;

3. That Comcast shall pay reasonable attorney's fees for the time his counsel expended in litigating Mr. Thompson's entitlement pain management. Mr. Thompson's counsel shall petition the Court for approval of a reasonable fee and reimbursement of reasonable expenses in this matter;

4. That the Court refers Comcast to the Bureau's Penalty Division for consideration of the establishment and collection of a penalty pursuant to Tennessee Code Annotated section 50-6-118(a)(11); and,

5. That unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED this the 2nd day of November, 2017.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claim**

8

## APPENDIX

Technical Record: The Court considered the following filings in the consideration of the issues raised during the Expedited Hearing:

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Additional Issues Submitted by Employer;
4. Additional Issues Submitted by Employee;
5. Request for Expedited Hearing-Decision on the Record;
6. Employee Position Statement;
7. Employer's Opposition to Decision on the Record;
8. Employee's Response to Employer's Opposition to Decision on the Record;
9. Order Denying Decision on the Record;
10. Employee's Motion to Reconsider Decision on the Record;
11. Employer's Continued Objection to Decision on the Record;
12. Order Denying Motion to Reconsider;
13. Employer's Motion to Continue Expedited Hearing;
14. Order Denying Motion to Continue Expedited Hearing;
15. Employer's Position Statement;
16. Employee's Position Statement; and
17. Employee's Response (via e-mail) to Motion to Continue.

Exhibits: The Court considered the following exhibits admitted as evidence during the Expedited Hearing:

1. Medical Records (collective exhibit);
2. Transcript of Deposition of Dr. James N. Johnson;
3. Employee's Choice of Physician form (C-42);
4. Affidavit of David Thompson (over Comcast's hearsay objection);
5. Wage Statement;
6. Dr. Johnson's responses to letter from Mr. Thompson's counsel dated September 17, 2017;
7. E-mail communication between counsel prior to October 23, 2017; and
8. Email Communication between counsel on and after October 23, 2017.

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on this the 2nd day of November, 2017.

| Name | Via Email | Email Address |
| --- | --- | --- |
| Michael Fisher, Employee Attorney | X | mfisher@ddzlaw.com<br>klee@ddzlaw.com |
| Christopher Sherman, Employer Attorney | X | cwsherman@mijs.com<br>wth@mijs.com |
| Compliance Program | X | WCCompliance.Program@tn.gov |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov